IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES E. MILLER, JR.,

           **Petitioner,**

v.

KIMBERLY BUTLER,

           **Respondent.**

Case No. 20-cv-00555-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner James E. Miller, Jr., an inmate of the Illinois Department of Corrections ("IDOC") incarcerated at Menard Correctional Center, brings this habeas action pursuant to 28 U.S.C. § 2254.

Miller was convicted in 2007 on charges involving first degree murder and armed robbery and sentenced to imprisonment for a term of natural life. *See People v. Miller*, Case No. 03-CF-1363, 2011 WL 10483250 (Ill. App. 5th Dist. 2011). Miller unsuccessfully appealed his conviction through the Illinois state court system. Miller further filed a post-conviction petition in the Third Judicial Circuit Court of Madison County, Illinois. That petition has been pending since 2012.

In 2016, Miller filed a § 2254 petition in this Court, which was dismissed without prejudice on the grounds that Miller had not yet exhausted his state remedies. *Miller v. Butler*, Case No. 16-cv-00163-DRH at Doc. 8 (S.D. Ill. Mar. 15, 2016). Conducting preliminary review under Rule 4 of the Federal Rules Governing Section 2254 Cases in

United States District Courts, the Court found that Miller did seek to challenge the fact of his conviction and argue actual innocence and acknowledged that a four year delay in addressing his state post-conviction petition was "regrettable[.]" The Court concluded, however, that this delay was not sufficient to find that state process was "ineffective to protect the rights of the applicant" as required under 28 U.S.C. § 2254 when exhaustion cannot be shown.

Now, another four years have passed, and Miller's petition remains pending in Illinois state court. He has once more brought a § 2254 petition before this Court, again challenging the fact of his conviction, and once more without having exhausted his state remedies. That petition is now before this Court for preliminary review under Rule 4. At this point, however, the Court is sufficiently persuaded of the inefficacy of the Illinois state court system that it is inclined to allow him to proceed without exhausting his state remedies. Examining the eight years' worth of docket entries from Miller's state proceeding, in which Miller's case has been transferred between six different judges and numerous attorneys, the Court notes that seemingly no progress has been made in the four years since Miller last filed a petition in this Court. The Court is uncertain why Miller's case has received such alarmingly slow review by the Third Circuit Court. Regardless of the reason, however, it seems clear to the Court that this is a situation where "circumstances exist that render such [state] process ineffective to protect the rights of the applicant" as envisioned under 28 U.S.C. § 2254.

Accordingly, without commenting on the merits of Miller's claims, the Court concludes that the Petition survives preliminary review, and a response shall be ordered.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **January 20, 2021**. This preliminary order to respond does not, of course, preclude the Respondent from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Miller is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than **7 days** after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:   December 22, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**